SHEPPARD MULLIN RICHTER & HAMPTON LLP
P. CRAIG CARDON, Cal Bar No. 168646
BENJAMIN O. AIGBOBOH, Cal Bar No. 268531
ALYSSA SONES, Cal Bar No. 318359
CHLOE G. CHUNG, Cal Bar No. 341398
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:  310.228.3700
Facsimile:  310.228.3701
Email:       ccardon@sheppardmullin.com
             baigboboh@sheppardmullin.com
             asones@sheppardmullin.com
             cchung@sheppardmullin.com

*Attorneys for Defendant*
ASICS AMERICA CORPORATION

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA CALCAGNO, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>ASICS America Corporation, a California corporation, and DOES 1-50, inclusive,<br><br>                    Defendant. | Case No. **'24CV0048 JES  BGS**<br><br>**DEFENDANT ASICS AMERICA CORPORATION'S NOTICE OF REMOVAL**<br><br>[Superior Court of California, County of San Diego, Case No. 37-2023-00053041-CU-BT-CTL] |

-1-

NOTICE OF REMOVAL

1    PLEASE TAKE NOTICE that Defendant ASICS America Corporation

2  ("Defendant") hereby removes the above-titled action from the Superior Court of

3  California, County of San Diego, to the United State District Court for the Southern

4  District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

5  **I.    INTRODUCTION**

6    On December 7, 2023, Plaintiff Christina Calcagno filed a *Class Action*

7  *Complaint* ("*Complaint*") on behalf of herself and a putative class of other similarly

8  situated California consumers in the Superior Court of California for the County of

9  San Diego, entitled *Christina Calcagno v. ASICS America Corporation*, Case No. 37-

10  2023-00053041-CU-BT-CTL. *See* **Ex. A**.

11    Defendant hereby removes this class action to this Court under the Class Action

12  Fairness Act, 28 U.S.C. §§ 1332(d) and 1453(b) ("CAFA"), for the reasons set forth

13  below.

14  **II.    REMOVAL UNDER CAFA IS PROPER**

15    1.    Under CAFA, federal courts have jurisdiction over putative class actions

16  if: (a) any member of the plaintiff class is a citizen of a State different from any

17  defendant (28 U.S.C. § 1332(d)(2)(A)); (b) the primary defendants are not states, state

18  officials, or other government entities against whom the district court may be

19  foreclosed from ordering relief (28 U.S.C. § 1332(d)(5)(A)); (c) there are more than

20  100 members in the putative class(es) (28 U.S.C. § 1332(d)(5)(B)); and (d) the amount

21  in controversy exceeds $5,000,000, exclusive of interests and costs (28 U.S.C. §

22  1332(d)(6)).

23    2.    As set forth below, this action is removable under CAFA because

24  putative class members are citizens of a State different from that of Defendant (who

25  is not a state, state official, or other government entity), there are more than 100

26  putative class members, and the amount in controversy exceeds $5,000,000, exclusive

27  of interest and costs.

28

A.    **Minimal Diversity Exists**

3.    Under CAFA, minimal diversity exists where any member of the putative class is a citizen of a State different from any defendant.   28 U.S.C. § 1332(d)(2)(A).

4.    The *Complaint* alleges Plaintiff is California citizen.   *Complaint* ¶ 40. Plaintiff seeks to represent class members who purchased certain products from an ASICS outlet store in California.  *Id.* ¶ 38.

5.    Defendant is a California corporation with its principal place of business in California. *Declaration of Sean Condon* ("*Condon Decl.*") ¶ 2.  As such, Defendant is a citizen of California.  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (corporations are citizens of "(1) the state where its principal place of business is located, and (2) the state in which it is incorporated") (citing 28 U.S.C. § 1332(c)(1)).

6.    The *Complaint* asserts that Plaintiff seeks to represent a putative class of "[a]ll persons, within the State of California, who…purchased from an Asics Outlet store one or more products at discounts from an advertised reference price and who have not received a refund or credit for their purchase(s)." *Complaint* ¶ 59.  The *Complaint*'s  putative class contains class members who are not citizens of California.

7.    There are ASICS customers who are not California residents and who purchase products from an ASICS outlet store within the State of California.  These in-store and non-California customers frequently ask ASICS to ship those products to them outside of California.  For example, ASICS' records show that in 2023, customers that made purchases in an ASICS outlet store within the State of California had those products shipped to them in Alabama, Arizona, Colorado, Connecticut, Florida, Georgia, Hawaii, Iowa, Idaho, Illinois, Indiana, Kansas, Massachusetts, Maryland, Maine, Missouri, Mississippi, Montana, North Carolina, North Dakota, New Jersey, New Mexico, Nevada, New York, Ohio, Oklahoma, Oregon, Pennsylvania, Tennessee, Texas, Utah, Virginia, and Washington. *Condon Decl.* ¶ 2.

8.     Because members of the putative class are citizens of a state different from Defendant, minimal diversity exists.  28 U.S.C. § 1332(d)(2)(A).

**B.     Defendant Is Not A State, State Official, Or Government Entity**

9.     Defendant is not a state, state official, or government entity.  *Condon Decl.* ¶ 2; *see also Complaint* ¶ 50.  As such, CAFA's non-governmental entity requirement is satisfied.  28 U.S.C. § 1332(d)(5)(A).

**C.     The Putative Class Exceeds 100 Class Members**

10.     Plaintiff asserts that she "is informed and believes that the proposed Class contains hundreds of thousands of individuals." *Complaint* ¶ 60.

**D.     The Amount In Controversy Exceeds $5,000,000**

11.     Under CAFA, removal is proper where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).  "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). Although the *Complaint* does not include a specific total monetary demand—and Defendant denies that it has any liability, or owes any damages, to Plaintiff, the members of the putative class, or any other putative and purported class alleged in this action, or that any purported class may be certified pursuant to Federal Rule of Civil Procedure 23—the amount in controversy requirement is met.

12.     The *Complaint* in this action involves products purchased from ASICS outlet stores in California that allegedly had false or misleading discount pricing.  In the four years prior to the filing of the December 7, 2023 *Complaint*, Defendants total sales of products in its California outlet stores was over $10,000,000.  *Condon Decl.* ¶ 3.  Because the aggregate amount of relief sought by Plaintiff and the putative class exceeds $5,000,000, exclusive of interest and costs, CAFA's amount in controversy requirement is satisfied.  28 U.S.C. §§ 1332(d)(2), (d)(6).

## III.    THE NOTICE OF REMOVAL IS PROCEDURALLY PROPER

13.    The *Notice of Removal* contains a "short plain statement of the grounds for removal," and copies of the *Complaint* and any other process, pleadings, and orders that Plaintiff served on Defendant as of the date of the *Notice of Removal* are attached collectively as **Exhibit A**.  28 U.S.C. § 1446(a).

14.    The *Notice of Removal* is timely filed under 28 U.S.C. §§ 1453(b), 1446(b) because Defendant was served with the *Complaint* on December 8, 2023 and is filing this *Notice of Removal* within thirty days of service (*i.e.*, on or before January 7, 2024).  *See* Ex. A.

15.    Venue is proper in the United States District Court for the Southern District of California because this action was filed and is pending in the Superior Court of California, San Diego County, which is within this District.  28 U.S.C. §§ 1441(a), 1446(a).

16.    Defendant will promptly file the *Notice to Superior Court and Adverse Party of Removal to Federal Court* attached hereto as **Exhibit B** with the State Court and provide a copy of the same to Plaintiff.  28 U.S.C. § 1446(d).

17.    By removing the action to this Court, Defendant does not waive any defenses that are available to it under state or federal law.  Defendant expressly reserves all threshold defenses to this action and its right, for example, to move to compel arbitration, to dismiss or for the entry of judgment pursuant to Federal Rule of Civil Procedure 12 and 56, and/or to strike or oppose the certification of any putative class pursuant to Federal Rule of Civil Procedure 23.

## IV.    CONCLUSION

18.    WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 and for the reasons set forth above, Defendant respectfully removes this action from the Superior Court of California, San Diego County, to the United States District Court for the Southern District of California.

1    Dated:  January 5, 2024          SHEPPARD MULLIN RICHTER & HAMPTON LLP

2

3                                      By

4                                              _____/s/ P. Craig Cardon_____

5                                              P. CRAIG CARDON
                                               BENJAMIN O. AIGBOBOH
6                                              ALYSSA SONES
                                               CHLOE G. CHUNG
7

8                                              *Attorneys for Defendant*
                                               ASICS AMERICA CORPORATION
9
      SMRH:4868-5730-8314.1
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:4868-5730-8314.2